**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

GURDEV SINGH; VARINDERJIT
KAUR; D.S.K.,

               Petitioners,

  v.

PAMELA BONDI, Attorney General,

               Respondent.

No. 24-3225

Agency Nos.
A220-230-694
A220-230-695
A220-230-696

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2025**
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

    Varinder Jit Kaur ("Kaur"), her spouse Gurdev Singh ("Singh"), and their

minor child D.S.K.,[1] citizens of India, petition for review of the Board of

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We refer to Kaur and Singh together as "Petitioners." Petitioners are natives of India, but D.S.K. was born in Spain.

Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") order denying Singh's application for asylum and withholding of removal. Kaur and D.S.K. are derivative beneficiaries of Singh's asylum application. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1.      The agency's adverse credibility finding was based on "a specific cogent reason" supported by the record: the submission of Singh's digitally altered party identification card. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (quotation omitted).

Here, the BIA affirmed the IJ's finding that Singh's identification card issued by the Shiromani Akali Dal political party ("Mann party") was digitally altered, saying that Singh's photo on the identification card "appears three-dimensional in all respects except for the turban, which does not appear to be three-dimensional, particularly where it crossed over [Singh's] eyes." Petitioners cite no record evidence that compels a reasonable adjudicator to conclude that the identification card was not digitally altered, so substantial evidence supports the IJ's finding that the identification card was altered. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (*en banc*). That finding in turn supports the adverse credibility finding. 8 U.S.C. § 1158(b)(1)(B)(iii) (the agency considers "all relevant factors" when making a credibility determination); *see Jin v. Holder*, 748 F.3d 959, 966–67 (9th Cir. 2014); *Matter of O-D-*, 21 I&N Dec.

1079, 1083 (BIA 1998) (stating an applicant "with a legitimate claim does not usually find it necessary to invent or fabricate documents in order to establish asylum eligibility").

We affirm the BIA's ruling that "the alteration of the photograph identified by the Immigration Judge is so flagrant as to form an independently sufficient basis for an adverse credibility finding." Because Petitioners do not challenge the IJ's finding that the documentary evidence did not independently establish past persecution or a well-founded fear of persecution, the adverse credibility finding forecloses Petitioners' asylum and withholding of removal claims.

2. The BIA did not err by declining to address the timeliness of Kaur's separate application for asylum because the documentary evidence did not independently establish past persecution or a well-founded fear of persecution, so the adverse credibility finding precludes Kaur's independent eligibility for asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[A]gencies are not required to make findings on issues . . . unnecessary to the results they reach.").

3. For the same reason, the agency did not need to separately consider Kaur's eligibility for humanitarian asylum because the adverse credibility finding controls. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (requiring past persecution); *Bagamasbad*, 429 U.S. at 25.

**PETITION DENIED.**